UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERTO VAZQUEZ, individually and
on behalf of all others similarly situated,

        Plaintiff,                                    MEMORANDUM
                                                                  AND ORDER
      -against-                                    21 CV 4528 (RML)

COUSINS GROCERY AND GRILL INC.
d/b/a COUSINS DELI, and GUYTREE
KULDIP, as an individual,

        Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case is before me on consent of the parties, pursuant to 28 U.S.C. § 636. (See Consent to Magistrate Judge Jurisdiction, dated Oct. 18, 2023, Dkt. No. 25.) Plaintiff Roberto Vazquez ("plaintiff") filed this case on August 11, 2021, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and New York Labor Law ("NYLL"). (See Complaint ("Compl."), filed Aug. 11, 2021, Dkt. No. 1.) I held a bench trial on June 11, 2024, and by Memorandum and Order dated May 13, 2025, I found in favor of plaintiff and awarded him the following damages against defendant Cousins Grocery and Grill Inc. ("defendant") under the NYLL: (1) unpaid minimum wages and overtime pay in the amount of $68,106; (2) liquidated damages in the amount of $68,106; (3) pre-judgment interest at the rate of $16.79 per day, from July 10, 2018 through the date judgment is entered; and (4) post-judgment interest at the statutory rate. (See Memorandum and Order, dated May 13, 2025, Dkt. No. 34.) I directed plaintiff's counsel to submit contemporaneous time records and documentation to support their request for attorney's fees and costs, and the law firm of Helen F.

Dalton & Associates, P.C. did so on June 12, 2025.  (See Letter of Roman Avshalumov, Esq., dated June 12, 2025 ("Avshalumov Ltr."), Dkt. No. 35, Exs. 1 and 2.)

The NYLL provides for an award of reasonable attorney's fees to successful plaintiffs.  See N.Y. Lab. L. §§ 198(1-a), 663(1).  In determining such a fee award, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); accord Stanczyk v. City of N.Y., 752 F.3d 273, 284 (2d Cir. 2014).  This calculation yields a "presumptively reasonable fee," Arbor Hill, 522 F.3d at 183, and is commonly referred to as the "lodestar."  Id.; see also Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009).

"To determine a reasonable hourly rate, courts consider market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Hennessy v. 194 Bedford Ave Rest. Corp., No. 21 CV 5434, 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022) (internal citations and quotation marks omitted), report and recommendation adopted, 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022).  "Courts in the Eastern District of New York have recently awarded hourly rates from $70 to $100 for legal support, $100 to $200 for junior associates, $200 to $325 for senior associates, and $300 to $450 for partners" in wage and hour cases.  Rodriguez v. MRC Bakery Corp., No. 24 CV 4570, 2025 WL 2429794, at *23 (E.D.N.Y. Aug. 24, 2025) (internal quotation marks omitted) (quoting Martinez v. New 168 Supermarket LLC, 19 CV 4526, 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (collecting cases), report and recommendation adopted, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020)).  Here, plaintiff seeks to recover attorney's fees at an hourly rate of $425 for work

2

performed by senior managing attorney Roman Avshalumov; $250 for worked performed by James O'Donnell, head of the firm's labor law practice group; $175 for work performed by first-year associate Katelyn M. Schillaci; $175 for work performed by Avraham Scher, then a third-year associate; and $75 for the time expended by paralegals. (Billing Records, annexed to the Avshalumov Ltr. as Ex. 1.) I find these hourly rates reasonable.

"The next step in awarding attorney's fees is determining the reasonableness of the number of hours expended by counsel." Martinez, 2020 WL 5260579, at *9. "In reviewing a fee application, the court should exclude 'excessive, redundant, or otherwise unnecessary' hours." Id. (quoting Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009)). "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly." Perry v. High Level Dev. Contracting & Sec. LLC, No. 12 CV 2180, 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022) (citation modified), report and recommendation adopted, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022). Plaintiff requests fees for a total of 121.7 hours. (Billing Records.) Of those hours, 48.9 are attributable to Mr. Avshalumov, 11 to Mr. O'Donnell, 32.8 to Ms. Schillaci, 6.1 to Mr. Scher, and 22.9 to paralegals. (Id.) Given that the parties attended mediation, conducted discovery, prepared and examined witnesses for the bench trial, and submitted post-trial briefing, and having reviewed counsel's time records, I find this number of hours reasonable and supported. I therefore award plaintiff $32,057.50 in attorney's fees. (See Billing Records).[1]

---

[1] Defendant argues that plaintiff's motion for attorney's fees should be denied because plaintiff "failed to file a signed Retainer Agreement between the Plaintiff and its Attorney as is set forth by the Rules of the State of New York." (Letter of John J. Ciafone, Esq., dated July 30, 2025, Dkt. No. 38.) In federal court, a retainer agreement is typically only applicable where a plaintiff seeks court-approved attorney's fees from a common fund that resulted from a settlement. Maria v. Rouge Tomate Chelsea LLC, No. 18 CV 9826, 2020 WL 6049893, at *7 (S.D.N.Y. Oct. 14,
(Continued….)

3

The NYLL also expressly provides for the recovery of costs.  N.Y. Lab. L. § 663; Santillan v. Henao, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA or New York's Labor Law is entitled to recover costs from the defendant.").  Counsel here seeks reimbursement for costs directly related to litigating this case, and has submitted supporting documentation.  (See Avshalumov Ltr., Ex. 2 (attaching invoices for the court filing fee, service of process, mediator fees, deposition transcripts, and translation services).)  These are recoverable costs.  See, e.g., Shin v. Party Well Rest & Oriental Bakery, Inc., No. 20 CV 1319, 2023 WL 8701337, at *11 (E.D.N.Y. Dec. 15, 2023), report and recommendation adopted, 2024 WL 1327420 (E.D.N.Y. Mar. 28, 2024), aff'd, 2025 WL 783737 (2d Cir. Mar. 12, 2025) (finding expenses including case filing fee, service of process, mediation, deposition transcripts, interpretation services, court reporters, transportation, and mailings, supplies, and postage reasonable and "routinely recoverable as litigation costs") (quoting Hancock v. I.C. Sys., Inc., 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022)).  I therefore award plaintiff $4,069 in documented costs.

## Conclusion

For the reasons set forth above, plaintiff is awarded $32,057.50 in attorney's fees and $4,069 in costs, for a total of $36,126.50.

SO ORDERED.

_Robert M. Levy_
ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
         November 4, 2025

---

2020) (citing Fisher v. SD Protective Inc., 948 F.3d 593, 602-03 (2d Cir. 2020)).  Here, there is no common fund from which counsel seek their fees, and the terms of the retainer agreement are therefore irrelevant.